**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
Attorneys for Defendants/Third-Party Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMERICAN SAFETY INDEMNITY COMPANY, | Case No. 14-2029 (FSH) |
| Plaintiff, | **DEFENDANTS' THIRD-PARTY COMPLAINT** |
| v. | |
| BAKER RESIDENTIAL, LP, CHUCK GRANZIANO, CLARK ATWOOD, DOUGLAS VENTURO, and JACE ANDERSON, | |
| Defendants/Third-Party Plaintiffs, | |
| v. | |
| STEADFAST INSURANCE COMPANY, | |
| Third-Party Defendant. | |

1.     Third-Party Plaintiffs Baker Residential Limited Partnership, Chuck Graziano (identified incorrectly by plaintiff as "Chuck Granziano"), Clark Atwood, Douglas Venturo and Jace Anderson bring this Third-Party Complaint against Steadfast Insurance Company ("Zurich") for a declaratory judgment, pursuant to 28 *U.S.C.* § 2201, and state as follows:

## PARTIES

2.      Third-Party Plaintiff Baker Residential Limited Partnership ("Baker") organized and exists under the laws of the State of Connecticut and maintains a principal place of business at One West Red Oak Lane, White Plains, New York.  Baker's ownership consists of entities and individuals who are citizens of the States of Colorado, Connecticut, Delaware, New Jersey, New York, South Carolina and Vermont.

3.      Third-Party Plaintiff Chuck Graziano is a citizen of the State of New Jersey.

4.      Third-Party Plaintiff Clark Atwood is a citizen of the State of New Jersey.

5.      Third-Party Plaintiff Douglas Venturo is a citizen of the State of New Jersey.

6.      Third-Party Plaintiff Jace Anderson is a citizen of the State of New Jersey.

7.      Third-Party Defendant Zurich, upon information and belief, incorporated under the laws of the State of Delaware and maintains its principal place of business at 1400 American Lane, Schaumburg, Illinois.

## JURISDICTION AND VENUE

8.      The Court possesses subject matter jurisdiction over this Third-Party Complaint pursuant to 28 *U.S.C.* § 1367 and Federal Rule of Civil Procedure 14.

9.      Venue properly lies in this Court pursuant to 28 *U.S.C.* § 1391(b)(2) and (3).

## FACTUAL ALLEGATIONS

**A.      Zurich's Insurance Policies**

10.      Zurich sold to Third-Party Plaintiffs the following excess liability insurance policies (collectively, "Zurich Policies"):

- AEC 3750097 02, effective January 1, 2003 to January 1, 2004;
- AEC 3750097 03, effective January 1, 2004 to January 1, 2005;
- AEC 3750097 04, effective January 1, 2005 to January 1, 2006; and

2

- AEC 3750097 05, effective January 1, 2006 to January 1, 2007.

11.    The Zurich Policies provide coverage of $5 million above the excess coverage sold by American Empire Surplus Lines Insurance Company and the primary policies sold by plaintiff American Safety Indemnity Company ("ASIC").

12.    The Zurich Policies provide coverage to each Third-Party Plaintiff.

**B.    The Underlying Action**

13.    On August 29, 2011, Riverside Court at Secaucus Condominium Association, Inc. filed an action in the Superior Court of New Jersey, Hudson County, styled *Riverside Court at Secaucus Condominium Association, Inc. v. Baker Residential Limited Partnership, Baker Companies, Chuck Graziano, Clark Atwood, Doug Venturo, Jace Anderson, John Does and John Does Corporations* ("Underlying Action").

14.    The Underlying Action now moves forward under a Second Amended Complaint filed on October 7, 2013.

15.    Third-Party Plaintiffs requested Zurich provide coverage for the Underlying Action by letter dated July 13, 2012.

16.    More than four (4) months later, by letter dated November 21, 2012, Zurich reserved its right to deny Third-Party Plaintiffs coverage for the Underlying Action.

17.    Zurich's November 21, 2012 reservation of rights letter contains no analysis of any coverage issues arising from the Underlying Action.

18.    The parties to the Underlying Action currently mediate their disputes in an attempt to resolve that litigation.

19.    Although the Underlying Action alleges no specific damages amount, the breadth and scope of the allegations confirm such damages can implicate the Zurich Policies.

3

C.    **ASIC's Coverage Action**

20.    On April 1, 2014, ASIC filed its coverage action against Third-Party Plaintiffs.

21.    ASIC seeks a declaration that Third-Party Plaintiffs must pay all or some of the defense costs and indemnity costs (if any) arising from the Underlying Action.

**COUNT I**
**(DECLARATORY JUDGMENT)**

22.    Third-Party Plaintiffs repeat and reallege each and every allegation in Paragraphs 1 through 21 of their Third-Party Complaint and make them a part hereof as if set forth at length herein.

23.    Zurich bears liability for some portion of the Underlying Action costs that ASIC seeks to foist on Third-Party Plaintiffs.

24.    Zurich must provide coverage for the Underlying Action because it alleges property damage during, and covered by, the Zurich Policies, and because no Policy provision bars coverage for this damage.

25.    An actual and justiciable controversy exists between Third-Party Plaintiffs and Zurich regarding their rights and obligations under the Zurich Policies.

26.    The rights, status and other legal obligations of Third-Party Plaintiffs and Zurich remain uncertain and insecure, and this Court's entry of declaratory judgment will terminate the uncertainty and controversy giving rise to this proceeding.

WHEREFORE, Third-Party Plaintiffs hereby demand:

(i)    a declaration that the Zurich Policies provide coverage for the Underlying Action;

(ii)    their attorney's fees and costs of this litigation; and

(iii)    such other and further relief this Court deems just and appropriate.

4

## JURY DEMAND

Third-Party Plaintiffs demand a trial by jury on all issues so triable.

McCarter & English, LLP
Attorneys for Defendants/Third-Party Plaintiffs,
Baker Residential, LP, Chuck Graziano, Clark
Atwood, Douglas Venturo and Jace Anderson

By: /s/ Anthony Bartell
        Anthony Bartell (AB0079)

Dated:  June 2, 2014

ME1 17969325v.1